UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GLEN WELCH (#371185)

VERSUS                                        CIVIL ACTION

CADET B. HARDY, ET AL                         NUMBER 12-544-JJB-SCR

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 11, 2013.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GLEN WELCH (#371185)

VERSUS                                          CIVIL ACTION

CADET B. HARDY, ET AL                           NUMBER 12-544-JJB-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion for Partial Summary Judgment.  Record document number 13.  The motion is not opposed.

Pro se plaintiff, an inmate confined in Louisiana State Penitentiary, Angola, Louisiana, ("LSP") filed this action pursuant to 42 U.S.C. § 1983 against Cadet Brandon Hardy, Sgt. Louis Boyd, Sgt. David Stroud and Warden Burl Cain.  Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his constitutional rights.  Plaintiff sought compensatory and punitive damages.

Defendants[1] moved for summary judgment relying on a statement of undisputed facts, the affidavits of Brandon Hardy and Donnell Sullivan, redacted copies of the enemy lists of the plaintiff and inmate Theodore Arita, copies of portions of the plaintiff's Inmate Master Prison Record, copies of the disciplinary and unusual

---

[1] Sgt. David Stroud was not served with the summons and complaint and did not participate in the defendants' Motion for Partial Summary Judgment.

occurrence reports dated March 7, 2012, a redacted copy of the shower, yard and tier rosters dated March 7, 2012, copies of portions of the plaintiff's medical and mental health records, copies of inmate Theodore Arita's medical records dated March 7, 2012, and the results of Administrative Remedy Procedure ("ARP") LSP-2012-1117.

## I. Factual Allegations

Plaintiff alleged that on March 3, 2012, inmate Theodore Arita was on the tier for his recreation time.[2]  Plaintiff alleged that inmate Arita asked Sgt. Boyd to open his cell door.  Plaintiff alleged that inmate Arita told Sgt. Boyd he was confined to cell number 6 when he was actually confined to cell number 8.  Plaintiff alleged that Sgt. Boyd partially opened the door to cell number 6, which was his cell, but quickly closed it when he realized he had opened the wrong cell door.  Plaintiff alleged that Sgt. Boyd convinced him that the incident was nothing more than a mistake.  Plaintiff alleged that Sgt. Boyd did not report the incident.

Plaintiff alleged that on March 5, 2012, he overheard Sgt. Stroud and inmate Arita in a heated discussion at the front of the tier.  Plaintiff alleged that he was six cells away from where the conversation took place and had difficulty understanding what was

---

[2] Although the plaintiff did not identify his attacker by name in his complaint, he identified inmate Arita by name in his administrative grievance.  Record document number 13-3, pp. 4-7.

2

being said.  Plaintiff alleged that he then heard Sgt. Stroud shout
"Hell no, I ain't gone do it, but it's gone happen ... just how'd
you think you got on this tier?"

Plaintiff alleged that on March 7, 2012, while confined in his
cell, Cadet Hardy opened his cell door and inmate Arita entered his
cell and attacked him.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue
as to any material fact and the moving party is entitled to
judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting
affidavits must set forth facts which would be admissible in
evidence.  Opposing responses must set forth specific facts showing
that there is a genuine issue for trial.  Rule 56(c).  The court
need only consider cited materials, but it may consider other
materials in the record.  Rule 56(c)(1)(3).

### B. Qualified Immunity

Defendants argued that they are entitled to qualified immunity
because their conduct did not violate any of the plaintiff's
clearly established constitutional or statutory rights of which a
reasonable person would have known.

A state official sued in his individual capacity for damages
may assert a qualified immunity defense.  *Procunier v. Navarette*,

434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978).  This immunity is
defeated if the official violated clearly established statutory or
constitutional rights, of which a reasonable person would have
known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727,
2738 (1982).  In assessing the applicability of a qualified
immunity defense, the court must first determine whether the
plaintiff has asserted a violation of a clearly established right
at all.  *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991).
If the court determines that there was a violation of a right
secured by the Constitution, then it must determine whether the
defendant could have reasonably thought his actions were consistent
with the rights he is alleged to have violated.  *Anderson v.
Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).

The protections afforded by the qualified immunity defense
turn on the "objective legal reasonableness" of the defendant's
conduct examined by reference to clearly established law.  *Id*., at
639, 107 S.Ct. at 3038.  The court does not ascertain solely
whether the law was settled at the time of the defendant's conduct,
but rather, when measured by an objective standard, a reasonable
officer would have known that his conduct was illegal.  Even if a
defendant's conduct actually violates a plaintiff's constitutional
right, the defendant is entitled to qualified immunity if the
conduct was objectively reasonable.  *Duckett v. City of Cedar Park,
Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of*

4

*Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

### 1. Failure to Protect

Plaintiff alleged that on March 7, 2012, the defendants failed to protect him from attack by a fellow inmate.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

The summary judgment evidence showed that on the day of the incident the plaintiff and inmate Arita were assigned to Camp J, Gar 2 left tier, with inmate Arita was assigned to cell number 8 and the plaintiff assigned to cell number 6.[3]

The summary judgment evidence showed that between 1:00 p.m. and 1:50 p.m., inmate Arita was on the tier for his hour of

---

[3] Record document number 13-13, affidavit Brandon Hardy.

5

recreation time,[4] and that when Cadet Hardy attempted to place inmate Arita back in his cell, he mistakenly opened the plaintiff's cell door instead of inmate Arita's cell door.[5]

The summary judgment evidence showed that inmate Arita entered the plaintiff's cell and the two began to fight.[6]  Then Cadet Hardy called Capt. Donnell Sullivan, who was already on the unit.[7]  When Capt. Sullivan arrived, he ordered the two inmates to stop fighting and they complied.[8]

The summary judgment evidence showed that neither inmate was identified as a known enemy of the other prior to the incident on March 7, 2012.[9]

There is no evidence that the defendants knew the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate.  Although the plaintiff alleged that inmate Arita attempted to enter his cell on March 3, there is no evidence that he notified prison officials of the incident or requested protection from inmate Arita.

At worst, Cadet Hardy and Sgt. Boyd were negligent in

---

[4] Record document number 13-7, Camp J Unit Shower Roster.

[5] Record document number 13-3, affidavit Brandon Hardy.

[6] *Id.*

[7] *Id.*

[8] Record document number 13-14, affidavit Donnell Sullivan.

[9] Record document number 13-4.

mistakenly opening the wrong cell door.  The due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property.  *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

### 2. Respondeat Liability

Plaintiff named Warden Cain as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.  *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1369 (1987) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037 (1978)).  The existence of a constitutionally deficient

policy cannot be inferred from a single wrongful act. *O'Quinn v. Manuel*, 773 F.2d 605, 609, 610 (5th Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427 (1985)).

There is no evidence of a constitutionally deficient policy, or that the procedures in effect at LSP at the time of the incident were constitutionally deficient, or that Warden Cain knew or believed that the procedures in effect at LSP would result in a denial of the plaintiff's constitutional rights.

**C. No Opposition to Summary Judgment**

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial. It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

**D. Supplemental Jurisdiction**

District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C.

§ 1367.  Insofar as the plaintiff alleged state law claims against the defendants and sought to invoke the court's supplemental jurisdiction, those claims would depend on the resolution of state law issues entirely distinct from the plaintiff's Eighth Amendment claims.  The court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

<u>**RECOMMENDATION**</u>

It is the recommendation of the magistrate judge that the defendants' Motion for Partial Summary Judgment be granted and this action be dismissed without prejudice to any state law claim.  It is further recommended that the claims against David Stroud be dismissed pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, April 11, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE